1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                             AT SEATTLE

9

10   MARGARET A. FISHER,

11                        Plaintiff,              No.  C07-1851Z

12   v.
                                                 ORDER
13   MICHAEL J. ASTRUE, Commissioner of
     Social Security,
14
                         Defendant.

15

16          THIS MATTER comes before the Court on appeal from a final decision of the

17   Commissioner of the Social Security Administration (the "Commissioner") denying plaintiff

18   Margaret Fisher's application for Disability Insurance Benefits ("DIB") and Supplemental

19   Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42

20   U.S.C. §§ 401-433 and 1381-1383F.  Having reviewed all papers filed in support of and in

21   opposition to the appeal, the Court REVERSES the Commissioner's decision denying DIB

22   and SSI benefits to plaintiff and REMANDS this matter for further proceedings.

23   **Background**

24          Plaintiff was born on October 26, 1957, and is currently 50 years old.  AR 52, 277.  In

25   2005, she began working toward a two-year biology degree at Skagit Valley College.

26   AR 305-06.  Plaintiff previously worked as a payroll clerk/bookkeeper and as a carpenter.

ORDER  - 1

AR 64. Plaintiff has not engaged in substantial gainful activity since November 1, 2004, the date on which she alleges onset of her disabilities. AR 18. The Commissioner has determined that plaintiff suffers from the following severe impairment: hepatitis C. AR 18. Plaintiff apparently contracted the disease during her late teens, but was unaware she had the disorder until 2001 or 2003. AR 154, 167. Plaintiff alleges that she also has depression and chronic obstructive pulmonary disease. The Commissioner has concluded that plaintiff's depression is not a severe impairment, AR 19, but has made no finding concerning whether plaintiff's chronic obstructive pulmonary disease significantly limits her physical or mental ability to do basic work activities.

In January 2005, plaintiff filed applications for DIB and SSI payments. AR 51, 276. In June 2007, Administrative Law Judge Verrell Dethloff found plaintiff ineligible for DIB or SSI payments because she has the requisite residual functional capacity to perform past relevant work as a bookkeeper. AR 22. In September 2007, the Appeals Council denied plaintiff's request for review, AR 5-7, making the ALJ's ruling the "final decision" of the Commissioner for purposes of 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action commenced within sixty days." Plaintiff timely filed the present action challenging the denial of benefits.

**Discussion**

**A.     Standard of Review**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4). Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b); _see also_ 20 C.F.R. § 404.1572 (defining substantial gainful activity as significant physical or mental activities done or usually done for pay or profit). If so, the claimant is not entitled to

disability benefits, and no further evaluative steps are required. Step two asks whether the claimant has a severe impairment, or a combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not entitled to disability benefits, and again, additional analysis is not required. Step three involves a determination of whether any of claimant's severe impairments is equivalent to one that is listed in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant with an impairment that "meets or equals" a listed impairment for the requisite twelve-month duration is per se disabled and qualifies for benefits.

If the claimant is not per se disabled, then the question under step four is whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e) & (f) and 416.920(e) & (f). If the claimant can still perform past relevant work, then the claimant is not entitled to disability benefits and the inquiry ends there. On the other hand, if the opposite conclusion is reached, the burden shifts to the Commissioner at step five to prove that the claimant can make an adjustment to other work, taking into account the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(g) & 416.920(g). If the claimant cannot make such adjustment to other work, disability benefits may be awarded.

This Court's review of a decision reached via this five-step process is limited to assessing whether the Commissioner's denial of benefits is free of legal error and based on factual findings that are supported by substantial evidence. _Tidwell v. Apfel_, 161 F.3d 599, 601 (9th Cir. 1998); _see_ 42 U.S.C. § 405(g). Substantial evidence means more than a mere scintilla but less than a preponderance of evidence; it is "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." _Lingenfelter v. Astrue_, 504 F.3d 1028, 1035 (9th Cir. 2007). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must review the administrative record as a

whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." _Reddick v. Chater_, 157 F.3d 715, 720 (9th Cir. 1998). The Court may not affirm simply by isolating a specific quantum of supporting evidence. _Jones v. Heckler_, 760 F.2d 993, 995 (9th Cir. 1985). If, however, the evidence reasonably supports both affirming and reversing the denial of benefits, the Court may not substitute its judgment for that of the Commissioner. _Reddick_, 157 F.3d at 720; _see also_ _Thomas v. Barnhart_, 278 F.3d 947, 954 (9th Cir. 2002) (if "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

**B.    Issues on Appeal**

In this matter, plaintiff does not challenge the determination under step one, namely that she has not engaged in substantial gainful activity since November 1, 2004. Plaintiff, however, assigns error to the ALJ's conclusions under the remaining steps, asserting that the ALJ improperly found her depression not severe and that he incorrectly assessed her residual functional capacity by inappropriately discounting the opinions of certain physicians and discrediting plaintiff's testimony. Because the ALJ did not apply the correct standards in his step two analysis, resulting in non-harmless error, the Court reverses the ALJ's decision on that basis and does not reach plaintiff's other contentions.

Step two is a "de minimis screening device" used to dispose of groundless claims. _Smolen v. Chater_, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" _Id._ A finding that an impairment or combination of impairments is not severe must be "clearly established by medical evidence." _Webb v. Barnhart_, 433 F.3d 683, 687 (9th Cir. 2005) (quoting SSR 85-28 (1985)). An ALJ must consider "the combined effect of all of the claimant's impairments," without regard to whether each impairment alone is sufficiently severe.

*Smolen*, 80 F.3d at 1290; *see also* SSR 85-28 ("the adjudicator must assess the impact of the combination of those impairments on the person's ability to function, rather than assess separately the contribution of each impairment to the restriction of his or her activity as if each impairment existed alone").  The Commissioner has counseled that "[g]reat care should be exercised in applying the not severe impairment concept," and any doubt concerning whether an impairment or combination of impairments is severe should be resolved in favor of continuing the sequential evaluation process.  SSR 85-28; *see also* *Webb*, 433 F.3d at 687.

Here, the ALJ made two mistakes.  First, he analyzed plaintiff's depression in isolation and failed to consider whether the combination of plaintiff's impairments is severe.  Second, he concluded that plaintiff's depression is not severe despite medical evidence to the contrary.  In November 2006, Janine Shaw, M.D., plaintiff's treating physician, indicated via letter that plaintiff has portal fibrosis as a result of her hepatitis C.  AR 228.  Although interferon therapy is usually prescribed for hepatitis C, the treatment can exacerbate depression and therefore was not recommended for plaintiff until she is "psychiatrically clear."  *Id.*; *see* AR 161.  According to Dr. Shaw, plaintiff was "already struggling emotionally."  AR 228.  Dr. Shaw described plaintiff as "actively suicidal" and stated that, "given the degree of major depression," plaintiff's "ability to reason, make decisions, have successful social interactions, and maintain concentration, as well as to tolerate stress are all significantly impaired."  *Id.*  Dr. Shaw estimated that plaintiff's level of disability would continue for at least one year.  *Id.*  Allison George, M.S., to whom Dr. Shaw referred plaintiff, had similar impressions, noting that plaintiff complained of increased depressive episodes since the onset of menopause and of feeling "very fatigued all the time," perhaps due to her hepatitis C.  AR 209.  Ms. George noted that plaintiff expressed some suicidal ideation, was "very guarded," and had a "sad affect."  *Id.*

The record contains no opinions contradicting those of Dr. Shaw or Ms. George with respect to plaintiff's depression.  Robert G. Hoskins, M.D., a consulting physician, reported

only on plaintiff's physical limitations and, although he concluded plaintiff could perform medium work (*i.e.*, is able to stand and/or walk about 6 hours in an 8-hour day, occasionally lift up to 50 pounds, and frequently lift up to 25 pounds), he also noted that plaintiff's "allegations of fatigue are credible." AR 136, 142. Likewise, Gary Gaffield, DO, an examining physician, focused primarily on plaintiff's physical condition, opining that "[t]here were no physical or measured conditions that would prevent this claimant from walking or standing an eight-hour workday" and "[t]here were no physical findings that would prohibit her from sitting for an eight-hour workday." AR 157. As a doctor of osteopathy or osteopathic medicine, Dr. Gaffield presumably lacks much expertise on mental disorders or mental impairments. Finally, Sylvia Thorpe, Ph.D., an examining psychologist, provided no diagnosis, but did note that plaintiff expressed suicidal ideation, was irritable, and sometimes engaged in tangential and unfocused conversation. AR 200-01. Dr. Thorpe administered the Wechsler Adult Intelligence Scale III and concluded that plaintiff's Full Scale IQ is 95, which is within the average range, but that plaintiff "gets mixed up easily," "gives up before [the] limits of [her] capabilities are reached," is "somewhat anxious," and "does not react well to demands from authority figures." AR 201.

In concluding that plaintiff's depression is not severe, the ALJ relied on Dr. Thorpe's findings as showing "some irritability but no significant limitations" and discounted Dr. Shaw's assessment because plaintiff had no history of being treated for depression, she had received effective medication from Dr. Shaw, the anxieties she described (for example, her finances) related to life events rather than a clinical impairment, and she was enrolled in school, which the ALJ viewed as inconsistent with a severe depressive disorder. AR 19. None of the reasons on which the ALJ based his determination that plaintiff's depression is not severe are "clearly established by *medical* evidence." Instead, the medical evidence indicated that plaintiff's depression was the sole reason she was not receiving treatment for her hepatitis C. *See* AR 161 & 228. The Court therefore holds that the ALJ's conclusion

that plaintiff's depression is not a severe impairment is not based on the applicable legal standards.

Because the ALJ found plaintiff's depression was not a severe impairment, the ALJ did not consider whether the depression, in combination with the hepatitis C, meets or equals a listed impairment,[1] and the ALJ did not include the limitations associated with plaintiff's depression in his analysis of her residual functional capacity. Thus, the Court cannot treat the ALJ's error as harmless and cannot adequately review the remainder of the ALJ's sequential evaluation. As a result, the Commissioner's decision denying DIB and SSI benefits to plaintiff is REVERSED and this matter is REMANDED for further proceedings.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 24th day of July, 2008.

Thomas S. Zilly
United States District Judge

---

[1] The ALJ also did not consider the effect of plaintiff's chronic obstructive pulmonary disease ("COPD"), which is mentioned in only one of the medical reports and only by acronym. *See* AR 233. Although the Court understands any oversight, on remand, the ALJ should incorporate the COPD diagnosis into the sequential evaluation process.

ORDER  - 7